### In re ROGERS.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

BANKING—MERGER OF CORPORATIONS—RIGHTS OF OBJECTING STOCKHOLDERS—STATUTE—CONSTRUCTION.

> Under Banking Law (Laws 1892, p. 1842, c. 689, as amended by Laws 1895, p. 222, c. 382) § 36, providing that any stockholder not voting in favor of merger may, on application therefor, procure the appointment of appraisers to appraise the value of his stock, and that, when the corporation has paid the appraised value thereof, the stock shall be canceled, one owning stock which stands on the books of the corporation in the name of another person cannot maintain the proceeding.

Appeal from Special Term, Kings County.

Petition by Henry C. Rogers for the appointment of appraisers to appraise the value of stock alleged to be owned by him in the Union Bank of Brooklyn, and objecting to the proposed merger of that bank with the Kings County Bank. From an order dismissing the proceeding, petitioner appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Joseph A. Burr, for appellant.
Albert E. Lamb, for respondent Union Bank of Brooklyn.

PER CURIAM. This is an application by a person claiming to be a stockholder in the Union Bank of Brooklyn, and objecting to the proposed merger thereof with the Kings County Bank of Brooklyn, for the appointment of three persons to appraise the value of his stock under section 36 of the banking law (Laws 1892, p. 1842, c. 689, as amended by Laws 1895, p. 222, c. 382). The referee to whom the proceeding was referred to take proof found that the petitioner, Henry C. Rogers, was not, at the times mentioned in his petition, the owner of any stock of the Union Bank. The evidence leaves no doubt of the correctness of this conclusion, for it shows that the 136 shares of stock which he claimed to own were in fact the property of one William H.

Ziegler. We agree with the referee that section 36 of the banking law refers to the actual ownership of stock, and not to shares standing in the name of one, but really the property of another. The petitioner, Henry C. Rogers, was shown to have no interest entitling him to maintain this proceeding, and it was therefore properly dismissed.

The order and judgment should be affirmed.

Order and judgment thereon dismissing application affirmed, with $10 costs and disbursements. HOOKER, J., not voting.